C. A. KENNEDAY ET AL *v.* HULDRICK PRICE ET AL.

1. MARRIED WOMAN. *Certificate of acknowledgment.*
   A certificate of acknowledgment by a married woman, which shows a separate examination, is not insufficient because it fails to show a separate acknowledgment.

2. SAME. *Duress. Conclusiveness of certificate.*
   The officer's certificate is conclusive that the wife's acknowledgment was voluntary, in favor of grantees without notice of any undue influence.

3. SAME. *Resulting trust. Labor of her slaves.*
   A trust in land purchased by the husband does not result in the wife's favor, under Code 1871, § 1779, from the fact that her slaves cut on his land the wood which paid for it.

4. SAME. *Estoppel.*
   The wife is estopped to assert such trust against grantees without notice to whom she and her husband have conveyed his legal title.

ERROR to the Chancery Court of Lafayette County.

Hon. A. B. FLY, Chancellor.

*J. M. Phipps*, for the plaintiffs in error.

The property was Mrs. Kenneday's separate estate, paid for with her means, although the deed was taken to her husband, who therefore held as trustee for her. *Butterfield* v. *Stanton*, 44 Miss. 15. The defendants had notice of Mrs. Kenneday's claim, and by fraud and duress her husband and their attorney induced her to join in his deed to the defendants. The certificate of acknowledgment is fatally defective in failing to show the separate acknowledgment.

*Nugent & McWillie*, on the same side.

It makes no difference that the lots were purchased with wood instead of money. *Clark* v. *Clark*, 43 Vt. 685; *Blauvelt* v. *Ackerman*, 5 C. E. Green, 141; *Peabody* v. *Tarbell*, 2 Cush. 226; 1 Lead. Cas. Eq. 340, 341; *Methodist Church* v. *Jaques*, 1 Johns. Ch. 450; *Dickinson* v. *Codwise*, 1 Sandf. Ch. 214; *Pinney* v. *Fellows*, 15 Vt. 525; *Lathrop* v. *Gilbert*, 2 Stock. Ch. 344. The attorney and her husband, blending their influence, coerced Mrs. Kenneday into making the acknowledgment, and it is void. *Taylor* v. *Wilburn*, 20 Mo. 306; *Davis* v. *Calvert*, 5 Gill & J. 269. There is no doubt that when undue influence appears to have been exercised between husband and wife, a remedy may be had in equity. *Fry* v. *Fry*, 7 Paige, 461; *Delafield* v. *Parish*, 25 N. Y. 9, 96; *Williams* v. *Baker*, 71 Penn. St. 476; *White* v. *Graves*, 107 Mass. 325; *Chesterfield* v. *Janssen*, 2 Ves. Sr. 125; *Conant* v. *Jackson*, 16 Vt. 335, 350; *Brogden* v. *Walker*, 2 Harr. & J. 285; *Kennedy* v. *Kennedy*, 2 Ala. 571; *Freelove* v. *Cole*, 41 Barb. 318; *Buffalow* v. *Buffalow*, 2 Dev. & Bat. Eq. 241; *Austin* v. *Winston*, 1 Hen. & Munf. 33; *Whelan* v. *Whelan*, 3 Cowen, 537; *Long* v. *Mulford*, 17 Ohio St. 484, 505. She is not estopped to make this claim because no injury has been done any innocent party.

*H. A. Barr*, for the defendants in error.

Mrs. Kenneday's claim was that of a homestead exemption which is manifestly untenable. The resulting trust is an afterthought, and the evidence to establish it is not clear or credible. *Johnson* v. *Quarles*, 46 Mo. 423. The amount is not shown

with certainty. 1 Lead. Cas. Eq. 336, 339; *Baker* v. *Vining*, 30 Maine, 121. The defendants in error are *bona fide* purchasers without notice. 2 Lead. Cas. Eq. 32, 33, and cases cited; *Love* v. *Taylor*, 26 Miss. 567; *Price* v. *Martin*, 46 Miss. 489; *McDuff* v. *Beauchamp*, 50 Miss. 531; *O'Hara* v. *Alexander*, 56 Miss. 316. The certificate of acknowledgment is sufficient. *Bernard* v. *Elder*, 50 Miss. 336. The officer is presumed to have done his duty. *Johnston* v. *Wallace*, 53 Miss. 331. Mrs. Kenneday has failed to prove the duress.

*W. P. Harris*, on the same side.

The complainants' case is grounded on the idea of duress, which is not made out by the evidence, and it must therefore fail. Neither of the defendants in error knew of Mrs. Kenneday's claim. The statute has provided a means of averting the influence of the husband by a judicial examination of the wife. That examination was made, the certificate was in proper form, and no proof can be admitted against it. *Allen* v. *Lenoir*, 53 Miss. 321.

CHALMERS, J., delivered the opinion of the court.

Mrs. Kenneday, having executed jointly with her husband a conveyance of the family homestead, brings this bill to vacate and annul it. She rests her claim to relief upon three grounds: 1st. That her acknowledgment was defective and insufficient to convey the title. 2d. That she was coerced into making the deed by her husband and by the attorney of the grantees. 3d. That the homestead, though the record title was in her husband, had been bought with her means, that she was entitled to a resulting trust in it, and that she had been induced to convey it in consequence of having been misled and deceived as to her legal rights by her husband and the attorney of the grantees. The certificate of acknowledgment, after reciting the appearance of the wife, thus proceeds, " who after a private examination, separate and apart from her said husband, acknowledges that she signed, sealed and delivered the foregoing deed as her voluntary act, freely and for the purposes therein expressed, without any fear, threat or compulsion of her said husband." The objection made is that, while it states that the wife *was examined* separately, it does not show

that she *acknowledged* separately. The objection is hyper-critical. A substantial, and not a literal, compliance with the requirements of the statute is all that is necessary. A certificate practically similar to this was sustained in *Bernard* v. *Elder*, 50 Miss. 336.

There is no proof of anything that amounts to coercion on the part of the husband or of the attorney of the grantees. The husband is shown to have desired his wife to sign, and to have urged her to do so, but certainly nothing like duress or intimidation is shown. Apart from this, the certificate of the officer is conclusive of the voluntary nature of the wife's act, it not being established that the grantees or their attorney had notice of any undue influence exercised by the husband. *Johnston* v. *Wallace*, 53 Miss. 331.

The claim of a resulting trust rests upon the alleged fact that the land was bought for the wife and paid for by wood cut upon the husband's land by the wife's slaves and hauled by the husband's wagons and teams. The claim is that, because the labor was done by the wife's slaves she is entitled, under Code 1871, § 1779, to set up a resulting trust in the property. The claim is wholly inadmissible. The statute declares that, "if the husband shall purchase property in his own name, with *the money* of the wife, he shall hold the same only as trustee, for her use," and while we will not say that the investment of her property other than money would not have the same effect, we certainly cannot hold that, because the services of her slaves have been utilized in delivering and making more valuable personal property belonging to the husband, he thereby becomes a trustee for her of the realty thereby acquired. Such a principle would clothe her with an equitable title to land purchased by the sale of a crop grown by the husband on his own land, if her slaves or live-stock participated in its production. It is shown, moreover, by the proof that the grantees in the conveyance were ignorant of her claim, and therefore by the express letter of the statute she is estopped to assert it against them. There is no sufficient proof of any fraud practised upon her in the matter.

*Decree affirmed.*